IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **NICHOLAS RYAN LEACH, PRO SE,** | § | |
| **TDCJ-CID No. 773473,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:16-cv-00184-D-BP |
| | § | |
| Senior Warden **KEVIN FOLEY;** | § | |
| Sergeant **MARTA MAES;** Correctional | § | |
| Officer **DUSTIN OWNES;** | § | |
| Correctional Officer **JESSEE KEMP;** | § | |
| Property Officer (Ex-Employee) | § | |
| **T. WAGES;** | § | |
| Property Officer **MAYRA GARCIA;** | § | |
| Property Officer **SHEILA BRISCO;** and | § | |
| Grievance Investigator **STEPHANIE** | § | |
| **PATTON,** | § | |
| | § | **Referred to U.S. Magistrate Judge** |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nicholas Leach filed the instant civil rights complaint on August 24, 2016. ECF No. 3. On May 16, 2018, United States District Judge Sidney A. Fitzwater reassigned this case to the undersigned pursuant to 28 U.S.C. § 636(b). ECF No. 14. The undersigned issues the following Findings, Conclusions, and Recommendation, recommending that Judge Fitzwater **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**Background**

Plaintiff Nicholas Leach ("Plaintiff"), an inmate currently confined in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas, brings this civil rights action pursuant to 42 U.S.C. § 1983. Defendants are correctional officers, a sergeant, a warden, and staff members at the Clements Unit. Plaintiff states that on May 11, 2015, Defendants Marta

Maes and Dustin Owens confiscated his legal and personal property, and that despite his repeated grievances and requests, he was unable to retrieve his property. ECF No. 3 at 4 5–7. Then on September 3, 2015, Plaintiff contends that Defendant Kemp confiscated his remaining personal property from his cell "in retaliation for filing grievances against his office." *Id.* at 6. Plaintiff states that he received most of his property back, but did not retrieve his clothing and that his typewriter was broken. *Id.* Plaintiff argues that Defendants' actions and inactions have deprived him of his constitutional rights, and thus he has suffered "emotional distress, loss of his legal and personal property, denied access to courts, and live[s] in constant fear of being assaulted or killed." *Id.* at 7. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. *Id.* at 5.

## Legal Standard and Analysis

A district court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). The intentional deprivation of property is not actionable under Section 1983 unless

plaintiff can show that state remedies are inadequate. *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981).

Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App.—Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.—San Antonio 1978, *no writ*). If Defendants exercised unauthorized and unlawful control over Plaintiff's property, Plaintiff has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983). To the extent, if any, that Plaintiff claims his property is missing as a result of negligence on the part of any Defendant, he cannot prevail. Complaints of negligence are not actionable under the Civil Rights Act. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Therefore, this claim is without an arguable basis in law.

Plaintiff alleges that Defendants Kemp and Maes searched his cell and took his property for the purpose of retaliation. ECF No. 3 at 3, 5–6. State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing

that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more that "personal belief" to establish retaliation).

Here, Plaintiff had the opportunity to further develop the factual allegations of his retaliation claim by way of a questionnaire. ECF Nos. 15–16; s*ee Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper). In his Complaint, Plaintiff summarily states that on May 11, 2015, Defendant Maes conducted a cell search in retaliation for "continuously filing claims that his life is in danger," and that on September 3, 2015, Defendant Kemp searched his cell and confiscated his personal property in retaliation for filing grievances. ECF No. 3 at 3 and 6. The questionnaire states that Defendant Kemp searched Plaintiff's cell in response to Plaintiff's grievance filings, and that Defendants Kemp and Maes continued to search his cell and confiscate his personal property. ECF No. 16.

Plaintiff has a right to file grievances without being harassed or retaliated against for doing so. *See Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). However, conclusory allegations are insufficient to establish a retaliation claim. *Woods,* 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may

plausibly be inferred. *Allen v. Thomas,* 388 F.3d 147, 149 (5th Cir. 2004); *Woods*, 60 F.3d at 1166 (finding that courts must "carefully scrutinize" claims of retaliation and that such claims must be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."). Plaintiff has not presented any direct evidence to support his conclusory allegation of retaliation or sufficiently alleged a chronology of events from which retaliation could be inferred. Accordingly, Plaintiff has failed to state a retaliation claim against Defendants Kemp and Maes on which relief can be granted.

To the extent Plaintiff contends prison regulations were not followed when Defendants confiscated his property, the mere failure of an official to follow state law or regulation, without more, does not rise to a constitutional violation. *See Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990). Plaintiff's claim based on this point lacks an arguable basis in law and is frivolous. *Neitzke*, 490 U.S. at 319.

Finally, Plaintiff argues that Defendants' actions have deprived him of his constitutional right of access to courts. However, the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff does not explain nor argue how the confiscation of his property had adverse consequences in any of his legal proceedings. *See id.* Again, Plaintiff's claim based on this point lacks an arguable basis in law and is frivolous. *Neitzke*, 490 U.S. at 319.

### Conclusion

Because the claims set forth in Plaintiff's Complaint have no arguable basis under federal law, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed June 28, 2018.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Hal R. Ray, Jr.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE